JUDGE DANIELS                    07 CV    6311

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHARLES DODGSON, *et ux.*, ELIZABETH J.    : Removed from:
DODGSON, and ROSEANNA M. ROBINSON,         : Supreme Court of the State of New York
                                           : County of New York
          Plaintiffs,                  : Index No. 07/107916
                                           :
  -against-                               : Civil Action No.: 07-CV-6311-GBD
                                           :
GUIDANT COPORATION, GUIDANT SALES          : NOTICE OF REMOVAL
CORPORATION, CARDIAC PACEMAKERS,           :
INC., and BOSTON SCIENTIFIC                : ECF CASE
CORPORATION,                               :
                                           :          JUL 1 0 2007
          Defendants.                  :          U.S.... S.D.N.Y.
-------------------------------------------------------------X          CASHIERS

TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
     DISTRICT OF NEW YORK:

Pursuant to the provisions of 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, defendants Guidant Corporation ("Guidant"), Guidant Sales Corporation ("GSC"), Cardiac Pacemakers, Inc. ("CPI") and Boston Scientific Corporation ("Boston Scientific") (collectively, "Defendants") file this Notice of Removal of this cause from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Defendants state as follows:

### INTRODUCTION

1.  On or about June 6, 2007, Plaintiffs filed this action against Defendants. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of Plaintiffs' Summons and Complaint filed in state court is attached as Exhibit A. The action is styled as *Charles Dodgson, et ux., Elizabeth J. Dodgson, and Roseanna M. Robinson v. Guidant Corporation, Guidant Sales Corporation, Cardiac Pacemakers, Inc., and Boston Scientific Corporation*, in the Supreme Court of the State of New York, County of New York, and bears Index No. 07/107916.

ME1 6543476v.1

## NOTICE OF REMOVAL IS TIMELY

2.  On or about June 11, 2006, Guidant Corporation was notified about this action. Defendants file this Notice of Removal within 30 days of receipt of the initial pleading and within one year of the commencement of this action as required by 28 U.S.C.§ 1446(b). Accordingly, removal of this action is timely. No previous application for removal has been made.

## DIVERSITY JURISDICTION EXISTS

3.  This suit is an action over which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one that may be removed to this Court under the provisions of Title 28, United States Code, Sections 1441 and 1446. Title 28, U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." *Id.* (emphasis added). The only further requirement for diversity jurisdiction is that the amount in controversy exceed $75,000.

4.  Plaintiffs Charles Dodgson and Elizabeth Dodgson (collectively, the "Dodgson Plaintiffs") allege that they reside at 762 Powderhouse Road, Vestal, New York 13850. Therefore, the Dodgson Plaintiffs are citizens of New York. *See* Exhibit A at ¶ 1.

5.  Plaintiff Roseanna M. Robinson alleges that she resides at 82 Broad Avenue, Binghamton, New York 13904. Therefore, Plaintiff Robinson is a citizen of New York. *See Id.* At ¶ 2.

6.  For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

ME1 6543476v.1

7. Guidant is and was at the time of the filing of the Complaint an Indiana corporation with its principal place of business in Indianapolis, Indiana. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Guidant is a citizen of Indiana.

8. GSC is now and was the time of the filing of the Complaint an Indiana corporation with its principal place of business in Indianapolis, Indiana. Thus, pursuant to 28 U.S.C. § 1332(c)(1), GSC is a citizen of Indiana.

9. CPI is now and was at the time of the filing of the Complaint a Minnesota corporation with its principal place of business in St. Paul, Minnesota. Thus, pursuant to 28 U.S.C. § 1332(c)(1), CPI is a citizen of Minnesota.

10. Boston Scientific is now and was at the time of the filing of the Complaint a Delaware corporation with its principal place of business in Natick, Massachusetts. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Boston Scientific is a citizen of Delaware and Massachusetts.

11. Thus, complete diversity of citizenship exists between Plaintiffs and Defendants because none of the parties in interest properly served as defendants is a citizen of the State of New York.

## AMOUNT IN CONTROVERSY IS SATISFIED

12. In this case, it is clear that the amount in controversy exceeds the jurisdictional minimum of $75,000. Plaintiffs assert a number of claims, including those sounding in negligence, strict liability, breach of warranty, fraudulent misrepresentation, fraudulent concealment and loss of service arising from Charles Dodgson and Roseanna M. Robinson's receipt of pacemakers that were allegedly designed, manufactured and supplied by the Defendants and which Plaintiffs allege caused them to "sustain severe pain and suffering," "extreme mental and emotional distress and anxiety," and "serious and permanent injury and

future damages." *See* Exhibit A at ¶¶ 21-24. Allegations similar to these have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., In re Rezulin Prods. Liab. Litig.,* 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding the amount in controversy to be satisfied where plaintiffs alleged economic loss, medical and health expenses, and claimed serious medical conditions); *see also Boudreaux v. Daimler Chrysler Corp.,* 2001 U.S. Dist. LEXIS 3948 at *8 (E.D. La.) (holding that "alleged damages can easily support the requisite monetary basis for federal jurisdiction" where plaintiff seeks compensation for medical expenses, pain and suffering, mental anguish, and lost wages); *Nadeau v. Mentor Tex., L.P.,* 2005 U.S. Dist. LEXIS 13269 at *6 (N.D. Tex.) (holding the amount in controversy to be satisfied where plaintiff sought "pain and suffering, mental anguish, disfigurement, medical expenses in the past and medical expenses she reasonably expects to incur in the future"); *Quinn v. Kimble,* 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (holding the amount in controversy to be satisfied where plaintiff sought compensation for past and future medical expenses, lost wages, and damages for loss of enjoyment of life).

13.  As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court and because the action is between citizens of different states.

14.  Pursuant to Fed. R. Civ. P. 1446(d), a copy of this Notice of Removal is being served on Plaintiffs and will be filed with the Supreme Court of the State of New York, County of New York.

WHEREFORE, defendants Guidant Corporation, Guidant Sales Corporation, Cardiac Pacemakers, Inc. and Boston Scientific Corporation give notice that the matter styled as *Charles*

*Dodgson, et al. v. Guidant Corporation, et al.*, in the Supreme Court of the State of New York, County of New York, and bearing Index No. 07/107916 is removed to the United States District Court for the Southern District of New York, and request that this Court retain jurisdiction for all further proceedings.

Dated: New York, New York
       July 10, 2007

                                        Respectfully submitted,

                                        McCARTER & ENGLISH, LLP

                                        By: _____
                                            Lori J. Shyavitz (LS 5065)
                                        245 Park Avenue
                                        New York, New York 10167
                                        (212) 609-6800

                                        and

                                        David S. Johnson
                                        Scott W. Anderson
                                        SHOOK, HARDY & BACON L.L.P.
                                        100 North Tampa Street, Suite 2900
                                        Tampa, Florida 33602
                                        (813) 202-7100

                                        Attorneys for Defendants
                                        Guidant Corporation, Guidant Sales
                                        Corporation, Cardiac Pacemakers, Inc. and
                                        Boston Scientific Corporation

ME1 6543476v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

07107916

CHARLES DODGSON, *et ux.*, ELIZABETH J. DODGSON, and ROSEANNA M. ROBINSON,

SUMMONS

Plaintiffs,

Plaintiff designates New York County as place of trial based on defendant's place of business

- against -

Index No.:
Date Filed:

GUIDANT CORPORATION, GUIDANT SALES CORPORATION, CARDIAC PACEMAKERS, INC., and BOSTON SCIENTIFIC CORPORATION,

Defendants.

FILED
JUN 06 2007
COUNTY CLERK'S OFFICE
NEW YORK

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's undersigned attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff's residence is: 762 Powderhouse Rd., Vestal, NY 13850;
82 Broad Avenue, Binghamton, New York 13904

Defendant's Business address: 111 Monument Circle, 29th Floor, Indianapolis, Indiana
Process Address: CT Corporation System, 111 Eighth Avenue, New York, NY 10011

Dated: May 21, 2007
Binghamton, New York

*[signature]*
Ronald R. Benjamin, Esq.
LAW OFFICES OF RONALD R. BENJAMIN
Attorney for Plaintiff
126 Riverside Drive
P.O. Box 607
Binghamton, New York 13902-0607
(607) 772-1442